In re Eldridge

---

IN THE MATTER OF PHYLLIS LAVERNE ELDRIDGE, 141 RIDGE AVENUE

BORN: OCTOBER 15, 1954

No. 7021DC544

(Filed 18 November 1970)

Infants § 10— undisciplined child — unlawful absence from school — lack of error in proceedings

The district court committed no prejudicial error in proceedings in which a juvenile was adjudged an undisciplined child for being unlawfully absent from school, was placed on probation after each of the first two hearings, and was assigned to the North Carolina Board of Juvenile Correction as provided by G.S. 7A-286(4)(c) after the third hearing.

APPEAL from *Alexander, District Judge,* 12 June 1970 Session of FORSYTH County District Court.

Respondent, a juvenile, was adjudged an undisciplined child by order entered in Forsyth County District Court on 13 February 1970. The adjudication followed a hearing held pursuant to G.S. 7A-285, and was based upon a finding that respondent had been unlawfully absent from school at least 26 days during the 1969-70 school year. The court thereupon ordered respondent placed on probation. One of the conditions of probation was that the child regularly attend school—if not excused for reasons of poor physical or mental health. At a subsequent hearing, respondent was found to have violated this condition; however, she was continued on probation under the additional condition that she not miss any future classes or be tardy to school. On 26 May 1970 a petition was filed seeking review of the case on the ground the child had again violated the terms of her probation by being absent from school without legitimate excuse. On 12 June 1970, after proper notice and hearing, the court made findings to this effect and ordered respondent assigned to the North Carolina Board of Juvenile Correction as provided by G.S. 7A-286(4)(c). Respondent appealed.

*Attorney General Robert Morgan by L. Philip Covington, Staff Attorney, for the State.*

*R. Glenn Key for respondent appellant.*

GRAHAM, Judge.

It is the constant duty of the District Court "to give each child subject to its jurisdiction such oversight and control as will conduce to the welfare of the child and to the best interest of the State." *In re Burrus,* 275 N.C. 517, 169 S.E. 2d 879. It appears that the juvenile here was carefully afforded all constitutional safeguards at every stage of the three separate hearings. *In re Winship,* 397 U.S. 358, 25 L.Ed. 2d 368, 90 S.Ct. 1068; *In re Gault,* 387 U.S. 1, 18 L. Ed. 2d 527, 87 S.Ct. 1428. Appellant's contention that the order of 12 June 1970 is unsupported by evidence and based upon improper conclusions is overruled. In all the proceedings affecting this juvenile we find no prejudicial error.

No error.

Judges BROCK and MORRIS concur.